UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | | Date | February 3, 2023 |
|---|---|---|---|---|

| Title | ***Bailey Ziencik, et al. v. Snap, Inc.*** | Page | 1 of 11 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS
[49]**

On December 4, 2020, Plaintiffs Bailey Ziencik, Kelly Ziencik, and Pascale Wasson initiated this action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendant Snap, Inc.  [Doc. ## 1-2, 1-3 ("Compl.")].  On January 11, 2021, Defendant removed the action to the United States District Court for the Western District of Pennsylvania on the basis of diversity jurisdiction.  [Doc. # 1 ("NOR")].  On September 8, 2021, the Western District of Pennsylvania ordered the case transferred to this Court.  [Doc. # 22.]  On October 29, 2021, Defendant filed the present Motion to Dismiss ("MTD").  [Doc. # 49-1.]  The MTD is fully briefed.[1]  [Doc. ## 50-1 ("Opp."), 51 ("Reply")].  For the reasons stated below, the MTD is **GRANTED**.

# I.
# FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant is a corporation that operates a communication platform called Snapchat.  Compl. ¶¶ 4, 22.  Snapchat allows its users to communicate with one another by sending and receiving messages through mobile phone and web applications, commonly known as "apps."  *Id.* ¶¶ 21–22.  Plaintiffs Bailey Ziencik and Pascale Wasson both used these apps to communicate on the Snapchat platform.  *Id.* ¶¶ 24, 27.

---

[1] Plaintiffs and Defendant each also filed a Notice of Supplemental Authority.  [Doc. ## 55, 64.]  The Court does not find the cases cited, *United States v. Rosenow*, 33 F.4th 529 (9th Cir. 2022) and *Jackson v. Airbnb, Inc.*, No. CV 22-3084 DSF (JCX), 2022 WL 16753197, at *1 (C.D. Cal. Nov. 4, 2022), to be relevant to the resolution of this case.

[2] The Court assumes the truth of the factual allegations in Plaintiffs' FAC solely for the purpose of deciding Defendant's MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | ***Bailey Ziencik, et al. v. Snap, Inc.*** | Page | 2 of 11 |
|---|---|---|---|

## A.      Plaintiffs Bailey Ziencik and Kelly Ziencik

On December 18, 2018, Bailey Ziencik received a series of threatening Snapchat messages from someone she did not know.  *Id.* ¶¶ 24–26.  The messages claimed that the sender knew where Bailey[3] lived and stated, among other things, that he[4] would "slash her throat."  *Id.* ¶ 28.  Although Bailey immediately blocked the sender's Snapchat account from sending her additional messages, she began receiving similar threatening messages from other Snapchat accounts, with one message stating "You think you can block me?  I have 15 fake usernames to get to you."  *Id.* ¶¶ 29–31.  Kelly Ziencik, Bailey's mother, witnessed Bailey's receipt of these messages.  *Id.* ¶ 32.

Bailey utilized the Snapchat app's internal messaging system to alert Defendant of the threatening messages she received, but never received a response.  *Id.* ¶¶ 37–38.  On December 19, 2018, Bailey reported the threatening messages to the University of Pittsburgh Police ("University Police").  *Id.* ¶ 42.  The same day, the University Police asked Defendant to preserve information about the Snapchat accounts that had messaged Bailey.  *Id.* ¶ 44.

On January 2, 2019, the University Police obtained a search warrant for the basic subscriber information associated with the Snapchat accounts that had messaged Bailey.  *Id.* ¶¶ 56–58.  The University Police emailed a copy of the warrant to Defendant.  *Id.* ¶ 56.  On January 10, 2019, having not heard back, the University Police attempted and failed to reach Defendant on its advertised "Law Enforcement number."  *Id.* ¶ 62.  The University Police then sent an email to Defendant asking for a status update with regards to the warrant.  *Id.* ¶ 63.

On January 29, 2019, Defendant responded to the email, advising the University Police that the warrant would not prevent Defendant from notifying the owner of the Snapchat accounts that his information had been disclosed.  *Id.* ¶ 66.  In response, the University Police obtained a sealed search warrant for the same subscriber information and emailed it to Defendant on January 31, 2019.  *Id.* ¶¶ 72–74.  On February 6, 2019, Defendant responded with the requested subscriber information.  *Id.* ¶¶ 76, 78.

## B.      Plaintiff Pascale Wasson

On December 27, 2018, Pascale Wasson received threatening messages from the same Snapchat accounts that had messaged Bailey.  *Id.* ¶¶ 47–52.  Wasson utilized the Snapchat app's

---

[3] The Court uses Bailey Ziencik's first name to distinguish between her and Kelly Ziencik.

[4] The sender would later be identified as Rahul Ramesh Joshi.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | ***Bailey Ziencik, et al. v. Snap, Inc.*** | Page | 3 of 11 |
|---|---|---|---|

internal messaging system to notify Defendant of the threatening messages she received, and like Bailey, she never received a response. *Id.* ¶¶ 53–54. Wasson then contacted the Wellesley Massachusetts Police about the incident, and on December 29, 2018, the Norfolk County District Attorney's Office sent an administrative subpoena to Defendant requesting information about the Snapchat accounts that had messaged Wasson. *Id.* ¶ 55.

On January 24, 2019, Defendant responded to the administrative subpoena from the Norfolk County District Attorney's Office and provided the identity and location of the person behind the Snapchat accounts that had messaged Wasson. *Id.* ¶ 64.

**C.      Causes of Action**

Plaintiffs bring 16 causes of action against Defendant for: strict products liability (counts 1–3); breach of implied and express warranties (counts 4–5); negligence (counts 6–9); intentional and negligent infliction of emotional distress (counts 10–11); violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1 *et seq.* (count 12); negligent and intentional misrepresentation (counts 13–14); assault (count 15); and unconscionability (count 16). *See generally* Compl.

**II.**
**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | ***Bailey Ziencik, et al. v. Snap, Inc.*** | Page | 4 of 11 |
|---|---|---|---|

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

**III.**
**DISCUSSION**

**A.      Section 230 of the Communications Decency Act**

Section 230(c)(1) of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), protects from liability "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101 (9th Cir. 2009). Plaintiffs do not dispute that Defendant is a provider of an interactive computer service, or that the messages sent to Bailey Ziencik and Pascale Wasson constitute information provided by another information content provider. Instead, Plaintiffs assert that none of their claims seek to treat Defendant as a publisher or speaker of these messages. Opp. at 14–17. It is against this backdrop that the Court considers Plaintiffs' claims.[5]

**B.      Standing**

As a preliminary matter, Defendant argues that Plaintiff Kelly Ziencik does not have standing to bring the present claims because she was not a Snapchat user and was not sent threatening messages. MTD at 27. The Court disagrees. To have standing, a plaintiff must allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs allege that Kelly Ziencik suffered emotional harm from witnessing the threatening messages sent to her daughter and that this harm continued during the period of time that law enforcement was unable to identify the sender of those messages. This injury is fairly traceable to Defendant's alleged unlawful failure to block the threatening messages from being transmitted and timely respond to law enforcement requests for information about the sender. Finally, Kelly Ziencik's alleged injury is likely to be redressed by the monetary damages she seeks. *See generally* Compl. Whether Defendant's actions were actually unlawful is a separate question, to which the Court now turns.

---

[5] Plaintiffs also argue that section 230(c)(2)(A) of the CDA does not apply to the facts of the instant case. Opp. at 8, 17–20. The Court does not address the applicability of section 230(c)(2)(A), as Defendant does not raise section 230(c)(2)(A) as a defense, *see* Reply 11–12, and the Court does not rely on it to resolve the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | | Date | February 3, 2023 |
|---|---|---|---|---|

| Title | ***Bailey Ziencik, et al. v. Snap, Inc.*** | | Page | 5 of 11 |
|---|---|---|---|---|

## C.    Choice of Law

Defendant's Terms of Service, which are attached to Plaintiffs' Complaint, provide that "the laws of California, other than its conflict-of-laws principles, govern these Terms and any claims and disputes (whether contract, tort, or otherwise) arising out of or relating to these Terms or their subject matter." *See* Compl., Ex. 11 [Doc. # 1-3 at 168]. Defendant contends it is unnecessary to resolve the question of which state's law to apply, because the Court would reach the same results under Pennsylvania, Massachusetts, or California law. *See* MTD at 27 n.3. But the Court will address the question for the sake of narrowing the issues, and because Plaintiffs seek to avoid enforcement of the choice-of-law clause.

A federal court sitting in diversity looks to the forum state's choice of law rules to determine what law to apply. *Paxton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). Under California law, a choice-of-law provision is presumptively enforceable so long as a "reasonable basis" exists for selecting a particular jurisdiction's laws. *See 1-800-Got Junk? LLC v. Superior Court of L.A. Cty.*, 189 Cal. App. 4th 500, 512–13 (2010). Defendant has a substantial relationship to California because Defendant's headquarters are in California. *See* Compl. ¶ 4; *cf. 1-800-Got Junk?*, 189 Cal. App. 4th at 514–15 (concluding that a reasonable basis existed for selecting a particular state's law because a party's headquarters was located in a nearby jurisdiction). A reasonable basis therefore exists for selecting California law.

To avoid enforcement, Plaintiffs must show both that California law is "contrary to a fundamental policy of" another state, and that other state has "a materially greater interest . . . in the determination of the particular issue" than California. Although Plaintiffs argue that Pennsylvania and Massachusetts have a substantial interest in protecting their residents from harm, Plaintiffs does not argue that California law is "contrary to a fundamental policy" of either state, nor that Pennsylvania and Massachusetts have a *greater* interest in the determination of these issues than does California. *See* Opp. at 14–15. Instead, Plaintiffs maintain only that Defendant "offers no evidence of assent from Plaintiffs to all the embedded hyperlinked additional terms" of the Terms of Service. Opp. at 15. Elsewhere, Plaintiffs argue that the Terms of Service are procedurally unconscionable because some of them are not contained in the Terms of Service but require clicking on a hyperlink. *Id*. at 34–35.[6]

In this case, the choice-of-law clause is contained in the main body of the Terms of Service, with a bold heading that reads "Choice of Law." Plaintiffs' arguments regarding the

---

[6] Plaintiffs also argue that certain terms are unconscionable, but do not argue that the choice-of-law clause is unconscionable. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | **_Bailey Ziencik, et al. v. Snap, Inc._** | Page | 6 of 11 |
|---|---|---|---|

placement of the clause are therefore unsupported.  Plaintiffs' argument that the Terms of Service are avoidable as a contract of adhesion also fails, because Plaintiffs have not shown that their enforcement would work an injustice to Plaintiffs.  *See* Restatement (Second) of Conflict of Laws § 187 (1971) (contracts of adhesion should not be enforced "if to do so would result in substantial injustice to the adherent").  Because Plaintiffs have not demonstrated that the choice-of-law provision is unenforceable, the Court concludes that California law applies.

**D.      Counts 1–3:  Strict Products Liability Claims**

Plaintiffs assert claims for:  (1) a design defect; (2) a manufacturing defect; and (3) a failure to warn.  *See* Compl. ¶¶ 99–153.  Plaintiffs base their claims on two alleged defects in the Snapchat app:  (1) the inability to contact Defendant to receive a timely response with respect to credible threats of imminent death or injury; and (2) the inability to effectively block messages from a user after that user has sent offensive or threatening messages.  Opp. at 25–30.

Under California law, "recovery under the doctrine of strict liability is limited solely to "physical harm to person or property."  *Jimenez v. Superior Ct.*, 29 Cal. 4th 473, 482 (2002).  Defendants contend that Plaintiffs' claims fail because they allege primarily emotional harms.  *See* Compl. ¶¶ 119, 136, 153 (alleging "suffering and inconvenience," "limitation and preclusion from performing Normal [sic] activities," "emotional distress," and "loss of . . . general health, strength and vitality").  But this argument is unpersuasive because the distinction elucidated in *Jimenez* is between physical and economic harms, not between physical and emotional harms.  *See* 29 Cal. 4th at 482 (distinguishing between personal injury and economic loss).  Moreover, Plaintiffs' allegations that they have suffered a loss of health and strength constitute physical harm for purposes of a strict liability claim.

Even though Plaintiffs have adequately alleged an injury, the Court is not persuaded that the Snapchat app constitutes a "product."  Other courts have rejected the idea that non-tangible objects like apps can be "products."  *See, e.g.*, *James v. Meow Media, Inc.*, 300 F.3d 683, 701 (6th Cir. 2002) (concluding that games, movies, and internet sites are not "products" for purposes of strict products liability under Kentucky law, which generally follows Restatement (Second) of Torts section 402A).  Indeed, Snapchat is more like a service than a product, and services are not subject to the laws of strict products liability.  *See Ontiveros v. 24 Hour Fitness USA, Inc.*, 169 Cal. App. 4th 424, 434 (2008).  The Court therefore determines that Plaintiffs' products liability claims fail because they do not allege a defect in a tangible product as opposed to a service.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7292-DMG (PDx) | | Date | February 3, 2023 |
|---|---|---|---|---|

| Title | *Bailey Ziencik, et al. v. Snap, Inc.* | | Page | 7 of 11 |
|---|---|---|---|---|

Accordingly, the MTD as to Plaintiffs' first through third claims is **GRANTED**.  As it is unclear whether additional facts could cure the inadequacy of the pleading, Plaintiffs are **GRANTED** leave to amend these claims.

## E.      Counts 4–5:  Breach of Implied and Express Warranties

Plaintiffs assert implied and express warranty claims under 13 Pa. Stat. and Cons. Stat. sections 2314, 2313(a)(1).  *See* Compl. ¶¶ 154–97.  The equivalent statutes under California law are California Commercial Code sections 2314 (breach of implied warranty of merchantability) and 2313 (breach of express warranty).  Under both states' laws, these provisions govern the sale of "goods."  *See* Cal. Comm. Code §§ 2314, 2313.  Although Plaintiffs allege that Bailey Ziencik and Pascale Wasson used Defendant's Snapchat apps to communicate, Plaintiffs do not allege that they purchased software, rights to software, or anything else that might be considered a "good."

Accordingly, the MTD as to Plaintiffs' fourth and fifth claims is **GRANTED**.  Plaintiffs are **GRANTED** leave to amend these claims.

## F.      Counts 6–9:  Negligence Claims

Under California law, a claim of negligence requires:  (1) a legal duty of care; (2) a breach of that duty; (3) causation; and (4) damages.  *See Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917–18 (1996).

Plaintiffs' sixth cause of action alleges that Defendant was negligent for failing to block, or provide Bailey Ziencik and Pascale Wasson an effective method to block, offensive or threatening messages.  *See* Compl. ¶¶ 198–216.  Although "[a] defendant generally owes no duty to protect another from the conduct of third-parties," *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 851 (N.D. Cal. 2012), Plaintiffs correctly point out that such a duty may arise when a defendant engages in risk-causing conduct.  Opp. 32–33.  Plaintiffs assert that by creating "its internet-accessible 'App' without adequate user safety measures to block threatening messages," Defendant created a risk that third parties could "terrorize the Plaintiffs."  Compl. ¶¶ 202–03.

Defendant's creation and operation of a communication platform, however, does not by itself create a risk of third-party misuse as a matter of law.  *See Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1101 (9th Cir. 2019) ("No website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content."); *Pirozzi*, 913 F. Supp. 2d at 851–52 (holding that Apple's operation of an app store did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7292-DMG (PDx) | | Date | February 3, 2023 |
|---|---|---|---|---|

| Title | *Bailey Ziencik, et al. v. Snap, Inc.* | | Page | 8 of 11 |
|---|---|---|---|---|

not give rise to a duty to protect users from the misappropriation of personal information by third-party apps hosted on the store). Because Plaintiffs base their claim on Defendant's creation and operation of the Snapchat platform and do not allege any other facts showing Defendant engaged in risk-causing conduct, the Court concludes that the alleged facts do not give rise to a legal duty on the part of Defendant to protect Plaintiffs from the conduct of third parties on its platform.

Plaintiffs' sixth cause of action also alleges that Defendant was negligent for failing to timely respond to law enforcement requests for information related to the sender of those messages. *See* Compl. ¶¶ 198–216. Plaintiffs argue that Defendant voluntarily assumed this duty by advertising a "Law Enforcement Guide." Opp. at 33. Plaintiffs do not allege, however, that the Law Enforcement Guide contained any provision obligating Defendant to respond to law enforcement requests within a specified timeframe. Even if Defendant voluntarily assumed a duty to follow its Law Enforcement Guide, Plaintiffs have failed to plead facts demonstrating a breach.

Plaintiffs' seventh cause of action alleges that Defendant was negligent for failing to warn Plaintiffs that third parties might use the Snapchat platform to send threatening messages, or that Defendant would notify the third parties of law enforcement requests for their information. *See* Compl. ¶¶ 217–38. Although Defendant argues it had no duty to warn, MTD at 34–37, Plaintiffs do not address Defendant's argument in their opposition brief. The Court therefore deems the argument conceded. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived.").

Plaintiffs' eighth cause of action is for negligence *per se*. *See* Compl. ¶¶ 239–58. Defendant correctly points out that negligence *per se* is an evidentiary doctrine, not a cause of action. *See* MTD at 37 (citing *City of Los Angeles by & Through Bd. of Harbor Commissioners v. BAE Sys. San Diego Ship Repair Inc.*, No. 13-CV-8810-CBM (AGRx), 2014 WL 12961257, at *3 (C.D. Cal. Mar. 26, 2014)). The Court therefore interprets Plaintiffs' eighth cause of action as one for ordinary negligence.

The doctrine of negligence *per se* "creates a presumption of negligence if four elements are established: "(1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | *Bailey Ziencik, et al. v. Snap, Inc.* | Page | 9 of 11 |
|---|---|---|---|

was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208, 218 (2003). Plaintiffs attempt to establish a duty and breach of duty by alleging a violation of 42 Pa. Stat. and Cons. Stat. sections 4132, 4137. Compl. ¶¶ 244–45. These provisions, however, govern the authority of Pennsylvania courts to issue attachments and impose summary punishment for contempt. *See* 42 Pa. Stat. and Cons. Stat. §§ 4132, 4137. Contrary to Plaintiffs' assertions, Defendant's alleged failure to promptly respond to a warrant and subpoena do not amount to a violation of these statutes. *See* Compl. ¶¶ 241–42. Plaintiffs have therefore failed to allege a duty and a breach of duty based on 42 Pa. Stat. and Cons. Stat. sections 4132, 4137.

Plaintiffs' ninth cause of action is for gross negligence. *See* Compl. ¶¶ 259–271. California does not recognize gross negligence as a cause of action separate from ordinary negligence. *See Cont'l Ins. Co. v. Am. Prot. Indus.*, 197 Cal. App. 3d 322, 320–30 (1987). Even if the Court were to treat Plaintiffs' ninth claim as one for ordinary negligence, Plaintiffs do not allege new facts in support of the claim. Plaintiffs' ninth claim therefore fails for the same reason that Plaintiffs' other negligence claims fail.

Accordingly, the MTD as to Plaintiffs' sixth through ninth claims is **GRANTED, with leave to amend** their sixth and seventh claims. Because leave to amend Plaintiffs' eighth claim would be futile, and because Plaintiffs' ninth claim is duplicative of Plaintiffs' sixth and seventh claims, Plaintiffs are **DENIED** leave to amend their eighth and ninth claims.

**G.     Count 10:  Intentional Infliction of Emotional Distress**

A claim for intentional infliction of emotional distress requires an allegation of conduct that:  (1) is extreme and outrageous; (2) is intentional or reckless; and (3) causes severe or extreme emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). California courts have described conduct as "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal. 4th at 1050–51 (citation and quotation marks omitted).

Plaintiffs allege that Defendant's failure to respond to Bailey Ziencik's and Pascale Wasson's reports of threatening messages, and Defendant's month-long delay in responding to law enforcement requests for information about the sender of the threatening messages, constitute extreme and outrageous conduct. Compl. ¶¶ 272–86. The Court disagrees and determines as a matter of law that the conduct alleged in the complaint, especially as compared with the conduct of the sender of the messages, is not so outrageous or extreme as to be "utterly intolerable in a civilized community."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | *Bailey Ziencik, et al. v. Snap, Inc.* | Page | 10 of 11 |
|---|---|---|---|

Accordingly, the MTD as to Plaintiffs' tenth claim is **GRANTED with leave to amend**.

**H.     Count 11:  Negligent Infliction of Emotional Distress**

Plaintiffs concede that in California, the "negligent causing of emotional distress is not an independent tort, but the tort of negligence with the traditional elements of duty, breach of duty, causation, and damages."  Opp. at 36 (citing *Burgess v. Superior Ct.*, 2 Cal. 4th 1064, 1072–73 (1992)).  Plaintiffs' claim under this theory of negligence is therefore redundant with Plaintiffs' sixth and seventh claims for negligence and fails for the abovementioned reasons.

Accordingly, the MTD as to Plaintiffs' eleventh claim is **GRANTED with leave to amend**.

**I.     Count 12:  Violation of the UTPCPL**

Because the Court concludes that California law applies, the Court will not analyze Plaintiffs' claim under the UTPCPL.  The MTD as to Plaintiffs' twelfth claim is **GRANTED**. The claim is dismissed without leave to amend, but without prejudice to Plaintiffs' assertion of an analogous claim under California law.

**J.     Counts 13–14:  Negligent and Intentional Misrepresentation**

Claims of negligent misrepresentation and intentional misrepresentation require an allegation that the defendant made a false statement of material fact.  *See Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1091 (C.D. Cal. 2017).  Although Plaintiffs generally allege that Defendant made several false statements, Plaintiffs fail to allege facts demonstrating the falsity of any of those statements.

For example, Plaintiffs claim that Defendant falsely advertised "systems and procedures available to consumers to report threats."  Compl. ¶¶ 310, 325.  Plaintiffs do not allege, however, that such systems and procedures did not exist.  In fact, they allege that Bailey Ziencik and Pascale Wasson used such a system to report the threatening messages they received.  *Id.* ¶¶ 37, 53.  Plaintiffs also assert that Defendant falsely stated it "supports law enforcement and is responsive to Search Warrants, or similar subpoenas."  *Id.* ¶ 312.  At the same time, Plaintiffs acknowledge that Defendant responded to the only search warrant and subpoena relevant to this case.  *Id.* ¶¶ 64, 76.  Although Plaintiffs are understandably dissatisfied with the time it took Defendant to respond to the search warrant and subpoena, Plaintiff does not claim that Defendant committed to responding search warrants or subpoenas within a specified timeframe.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7292-DMG (PDx)** | Date | February 3, 2023 |
|---|---|---|---|

| Title | ***Bailey Ziencik, et al. v. Snap, Inc.*** | Page | 11 of 11 |
|---|---|---|---|

Plaintiffs also claim that Defendant's "Law Enforcement Hotline did not work." *Id.* ¶¶ 318, 327. Plaintiffs do not allege, however, a statement by Defendant indicating how the hotline should work. Because Plaintiffs' other allegations are similarly conclusory and devoid of facts supporting a false representation, Plaintiffs fail to state a claim for either negligent misrepresentation or intentional misrepresentation.

Accordingly, the MTD as to Plaintiffs' thirteenth and fourteenth claim is **GRANTED with leave to amend**.

**K.      Count 15: Assault**

Defendant claims, and Plaintiffs do not dispute, that Plaintiffs agreed to drop their assault claim. *See* MTD at 44. Accordingly, Plaintiffs' fifteenth claim is **DISMISSED** without prejudice.

**L.      Count 16: Unconscionability**

Plaintiffs' sixteenth cause of action is for "unconscionability." "Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own." *Gaitan v. Mortg. Elec. Registration Sys.*, No. ED CV 09-1009-VAP (MANx), 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009). The MTD as to Plaintiffs' sixteenth claim is therefore **GRANTED** without leave to amend.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendant's MTD. Plaintiff's eighth, ninth, twelfth, and sixteenth claims are **DISMISSED with prejudice**. The fifteenth claim is voluntarily **DISMISSED without prejudice**. Plaintiffs' remaining claims are **DISMISSED, with leave to amend**. Plaintiffs shall file their First Amended Complaint ("FAC"), or file a notice of their intent not to amend, by **February 24, 2023**. Defendant shall file its response within 21 days after the filing and service of a FAC.

**IT IS SO ORDERED**.